FRANK J. BLOOM COMPANY, RESPONDENT, v. KUEM-MERLE CORPORATION, APPELLANT.

Submitted February 17, 1928—Decided April 30, 1928.

For the appellant, *Cole & Cole.*

For the respondent, *Lee F. Washington.*

The opinion of the court was delivered by

PARKER, J. As noted by the Supreme Court, the two grounds of appeal that were argued were the sixth and the seventh. That court discussed the sixth, but not the seventh, and it is pressed here. The gist of the point is this: That although the jury found the plaintiff broker had procured the loan which he was employed to procure, and the money was ready, conditioned only on the execution by the defendant

corporation of the usual "extension agreement," to be delivered with an assignment of the mortgage, nevertheless the court erred in letting the case go to the jury and allowing them to find for the plaintiff, because it appeared without dispute that the failure to execute that agreement was due to a cause over which the defendant had no control, viz., the attack of typhoid fever which laid the president low and prevented his signing the paper, wherefore the proposed assignee, after waiting several days, withdrew the money. We are unable to see any error in this; the broker had done his work and had his lender ready and willing; he could do no more. Logically, the case stands on the same footing as the class of cases in which it is held that the broker is not deprived of his commission under the ordinary contract of employment because it turns out that the title of his principal is defective, or even that he has no title at all. *Sadler* v. *Young,* 78 *N. J. L.* 594; *Klipper* v. *Schlossberg,* 96 *Id.* 397; *Kislak* v. *Judge,* 102 *Id.* 506; *Mahlenbrock* v. *Stonehall Realty Co., ante, p.* 176. It is not suggested that the lender canceled the loan prematurely, and properly not, because it was obvious that it would be a month or more before any papers could be signed, and many things might happen within that time, while he would be losing interest on $50,000. The point is without merit.

As to the sixth point, it is urged that there should have been a reversal and new trial because of the inclusion of interest in the verdict, and that *Robinson* v. *Payne,* 99 *N. J. L.* 135, 141, is not applicable to the situation. We incline to think that it is not; but counsel for respondent properly calls attention to *Philbrick* v. *Mundy,* 93 *N. J. L.* 43, approved and followed in *Horst Co.* v. *Breidt City Brewery,* 94 *Id.* 230, in this court; in both of which cases it was directly held that the appellate court may affirm if an item of illegal interest be waived, and otherwise order a new trial on damages alone, pursuant to the rules. This is an adaptation of the existing practice on application for new trial, it tends to terminate litigation without injustice or infringement of any constitutional right, and is the subject of a precedent in this court.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, MINTURN, KALISCH, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.